IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN NORRIS, | ) |
| Petitioner, | ) Civil Action No. 2:23-cv-635 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| SUPERINTENDENT OF SCI FOREST, et al. | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Pending before the Court[1] is the Amended Petition for a Writ of Habeas Corpus (ECF No. 9) filed by Calvin Norris ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment of sentence imposed on him by the Court of Common Pleas of Mercer County at criminal docket numbers CP-43-CR-0001475-2016 and CP-43-CR-0001476-2016. For the reasons below, the Court will deny the petition and will deny a certificate of appealability.

**I.    Relevant Background**

Petitioner was convicted at a jury trial of one count each of murder of the first degree and aggravated assault. On September 29, 2017, Petitioner was sentenced to, *inter alia*, life imprisonment.

The Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence on December 11, 2018. *Commonwealth v. Norris*, 203 A.3d 307 (Pa. Super. 2018) (unpublished memorandum). He filed a petition for allowance of appeal in the Supreme Court of Pennsylvania

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

which was denied on June 3, 2019.[2] *Commonwealth v. Norris*, 212 A.3d 1003 (Pa. 2019). Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States. Thus, his judgment of sentence became final under both state and federal law on or around September 2, 2019, when the 90-day period for him to file a petition for a writ of certiorari expired. Sup. Ct. R. 13 (time for petitioning); 1 Pa.C.S. § 1908 (omitting from computation of time period the last day where that day is a weekend or holiday); Fed. R. Civ. P. 6(a)(1)(C) (same); 42 Pa. Cons. Stat. § 9545(b)(3); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On May 8, 2020,[3] Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The trial/PCRA court ultimately denied the PCRA petition on August 30, 2021. Petitioner filed an appeal from the denial. The Superior Court of Pennsylvania affirmed the denial of the PCRA petition on July 13, 2022. *Commonwealth v. Norris*, 283 A.3d 361 (Pa. Super. 2022) (unpublished memorandum). Petitioner filed a petition for allowance of appeal, but the Supreme Court of Pennsylvania denied it on December 14, 2022. *Commonwealth v. Norris*, 289 A.3d 522 (Pa. 2022).

Petitioner initiated the instant litigation by mailing a letter to the Court indicating his intent to file a petition for a writ of habeas corpus. (ECF No. 1.) He subsequently filed a petition on April 24, 2023. (ECF No. 3.) He filed the operative Amended Petition on June 12, 2023. (ECF No. 9.) In this petition, he raises four grounds for relief: his trial counsel's ineffective assistance (Grounds

---

[2] Petitioner asserts that the petition for allowance of appeal was denied on June 26, 2019. (ECF No. 30 at 2.) It was not. The trial court dockets reflect that the Supreme Court's order was filed in the Court of Common Pleas on June 24, 2019, but that date is not relevant. The order was filed by the Supreme Court on June 3, 2019.
[3] Petitioner asserts that this PCRA petition was filed on May 11, 2020. (ECF No. 30 at 2.) That date is inaccurate; however, even if it were accurate, it would not change the relevant calculation in his favor.

One and Three), a pre-trial Fourth Amendment violation (Ground Two), and a claim related to the imposition of his judgment of sentence (Ground Four).[4]

Respondents filed an answer (ECF No. 15), and Petitioner filed a reply. (ECF No. 30.)

Respondents assert, among other things, that each of Petitioner's claims is time-barred under the applicable one-year statute of limitations, which was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner asserts that the claims are timely.

**II.     Discussion**

    A.     <u>Jurisdiction</u>

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

    B.     <u>Statute of limitations</u>

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

---

[4] The Court need not, and does not, make any determination as to the cognizability of these claims.

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' .... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

In this case, the statute of limitations for Petitioner's claims began to run on the date his judgment of sentence became final, in accordance with § 2244(d)(1)(A). As discussed above, Petitioner's judgment of sentence became final on September 2, 2019. The one-year limitations period for each of Petitioner's claims began to run on that date.

Petitioner filed his first PCRA petition 249 days later, on May 8, 2020. Under § 2244(d)(2), this first PCRA proceeding statutorily tolled ADEPA's limitations period from May 8, 2020, until December 14, 2022, the date the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to petition for writ of certiorari to the United States Supreme Court following state collateral review); *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000) (same).

AEDPA's limitations period began to run again the next day, on December 15, 2022. At that point, because 249 days had already expired from the limitations period, Petitioner thus had 116 more days—until on or around April 10, 2023—to file timely claims in a federal habeas petition. As explained above, the instant petition was filed on April 24, 2023, 130 days later.[5] Thus,

---

[5] Petitioner asserts that the petition was filed on April 19, 2023. (ECF No. 30 at 5.) It is not clear why. His petition was signed on April 24, 2023. (ECF No. 3 at 15.) Even if the Court accepted *Footnote continued on next page…*

4

Petitioner's habeas claims are untimely.[6]

Because Petitioner's habeas claims are untimely, his petition will be denied.

## III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

Petitioner's letter of intent to file a habeas petition as the date the petition was filed, however, it would not change the outcome. Petitioner's letter was dated April 13, 2023, which fell after the expiration of the limitations period. (ECF No. 1 at 1.)

[6] The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Petitioner does not argue that he is entitled to equitable tolling, nor has he directed the Court to anything in the record to support a determination that equitable tolling would be appropriate in this case.

Another exception to AEDPA's statute of limitations is the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. Petitioner does not argue that the "miscarriage of justice" exception applies to this case, nor has he directed the Court to anything in the record that would support a finding that this is not one of the rare cases in which the exception is implicated.

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability will be denied with respect to his claims.

### IV.   Conclusion

For these reasons, the Court will deny the petition because the federal habeas claims asserted in it are time-barred and will deny a certificate of appealability.

An appropriate Order follows.


Date:  April 2, 2025                                                                 /s/ Patricia L. Dodge
                                                                                                    PATRICIA L. DODGE
                                                                                                    UNITED STATES MAGISTRATE JUDGE